No. 21234.

Katherine Albo *v.* Shamrock Oil and Gas Corporation and Ward Transport, Inc.

(415 P.2d 536)

Decided May 31, 1966.    Rehearing denied July 18, 1966.

Seavy & Seavy, for plaintiff in error.

Tilly and Skelton, for defendant in error Shamrock Oil and Gas Corp.

Wormwood, O'Dell and Wolvington, Richard W. Laugesen, Jr., for defendant in error Ward Transport, Inc.

*In Department.*

Opinion by Mr. Justice Moore.

In the trial court Katherine Albo commenced an action against the above named defendants in error to secure damages for the alleged "wrongful death" of her husband Anthony Albo. The parties will be referred to as they appeared in the trial court. The defendants filed separate motions to dismiss the amended complaint, on the ground, *inter alia,* that it failed to state a claim for relief.

In substance, the facts set forth in the complaint are as follows: Katherine Albo is the widow of one Anthony Albo who died April 27, 1960. Prior to, and on April 14, 1960, Anthony Albo and Joe Albo operated a filling station in Pueblo, Colorado. The defendant Ward Transport Incorporated delivered to the Albo station what was supposed to be gasoline which had been obtained from the defendant Shamrock Oil and Gas Corporation. The defendants "negligently, carelessly and recklessly permitted the gasoline ordered by Joe Albo and Anthony Albo" to become mixed with water, "which fact was known, or should have been known, to said defendants and which was unknown to Joe Albo or Anthony Albo." The defendants knew that the product delivered to the Albos and placed in their tank was to be sold to customers for the purpose of motor fuel, and they further knew that gasoline mixed with water

would not properly power an automobile engine. The Albos placed the fluid delivered by the defendants in automobiles of customers, thinking that it was gasoline and suitable for use as a motor fuel. In the process of attempting to satisfy a customer who complained about the failure of the "gasoline" Anthony Albo discovered that the produce delivered by the defendants was a mixture of gasoline and water. Thereupon Anthony Albo,

"* * * directed one of his employees, Merlin Langdon, to drain gasoline from the tank of the automobile of one such motorist, a Mrs. Schwartz, and that while said tank was being drained fumes therefrom settled to the floor and seeped over to a hot water heater burner installed upon the premises resulting in an explosion and fire in which the said Anthony Albo, deceased, suffered extensive, severe and painful burns for which he was hospitalized and received medical care for a period of 10 days, and that said Anthony Albo, deceased, died on April 27, 1960, as a result of the injuries received by him in said explosion and fire."

Plaintiff claimed damages in the amount of $27,935.74. The trial court sustained the motions to dismiss the complaint and judgment was entered accordingly.

The sole question which we are called upon to determine is whether the death of plaintiff's husband, under the circumstances as alleged in the complaint, was proximately caused by the conduct of the defendants in placing gasoline diluted with water in the storage tank at the filling station operated by Joe and Anthony Albo.

In 65 C.J.S. *Negligence,* § 111 a at page 685, we find the following pertinent statement:

"An intervening cause which breaks the chain of causation from the original negligent act or omission will be regarded as the proximate cause relieving the original wrongdoer of liability; but the mere fact that other forces have intervened between the defendant's negligence and the plaintiff's injury does not absolve the defendant where the injury was the natural and prob-

able consequence of the original wrong and might reasonably have been foreseen."

Applying this rule to the facts alleged in the complaint, it is clear that the explosion and fire resulting in the death of plaintiff's husband was not the "natural and probable consequence of the original wrong" committed by the defendants in delivering adulterated gasoline. The death of plaintiff's husband from burns received in the fire was not a consequence which "might reasonably have been foreseen" by the defendants as a result of their negligence.

The judgment is affirmed.

MR. JUSTICE MCWILLIAMS and MR. JUSTICE PRINGLE concur.