Doug JONES, d/b/a Doug Jones Sawmill, Plaintiff-Appellee,

v.

CATERPILLAR TRACTOR COMPANY, a California corporation, Defendant-Appellant.

No. 83CA0257.

Colorado Court of Appeals, Div. III.

Nov. 15, 1984.

As Modified on Denial of Rehearing Dec. 13, 1984.

Certiorari Denied May 28, 1985.

Reams, Kaye & Alvillar, Bruce J. Kaye, Grand Junction, for plaintiff-appellee.

Traylor, Palo, Arnold, Tompkins & Black, Jerry B. Tompkins, Grand Junction, for defendant-appellant.

KELLY, Judge.

Caterpillar Tractor Co. appeals the judgment of the trial court entered on a jury verdict finding that it was negligent. Among other grounds for reversal, Caterpillar asserts that the trial court erred in refusing its tendered instruction on intervening cause. We agree with this contention and thus reverse.

The record reveals these facts. Doug Jones was the owner and operator of a sawmill near Grand Junction, Colorado. In 1972, Jones purchased a 920 Loader manufactured by Caterpillar to use in his sawmill business. At the time the loader was delivered to Jones in 1972, he received a parts book which portrayed a check valve as a component of the wheel brake master cylinder on the loader. Although the inclusion of the check valve in the wheel brake master cylinder was proper at the time the parts book was published, the information became outdated when Caterpillar deleted the check valve as a part in the loader.

In 1973, Jones purchased a 518 Skidder, also manufactured by Caterpillar. Upon delivery, he also received a parts book for this equipment which pictured a check valve as a component of the driveline brake master cylinder. This information was incorrect at the time.

In November 1978, after repairs had been made by Jones, the skidder caught fire and was damaged. Using the parts book supplied by Caterpillar and check valves supplied by Wagner Equipment Co. to make repairs, Jones inserted a check valve in the driveline brake master cylinder. The skidder again caught fire a little over a year later and was damaged beyond repair. Jones did not repair the skidder between the first and second fire, but Wagner did and had also inserted a check valve into the driveline brake master cylinder.

During the same time period, the loader also developed mechanical difficulties involving the braking system. At this time, the loader had a check valve in the wheel brake master cylinder, and again, both Jones and Wagner had done repair work on the equipment.

In this lawsuit, Jones claims that the skidder caught fire on both occasions as a result of an overheated brake resulting from the improper insertion of a residual pressure check valve in the driveline brake master cylinder. He claims that the first fire to the skidder occurred because Wagner negligently supplied him with the wrong parts to repair the skidder and because, when repairing the skidder, he relied on the incorrect information in the parts book negligently supplied by Caterpillar.

Jones claims that the second fire occurred because Wagner negligently performed repairs on the skidder after the first fire and because Jones again relied on the incorrect information in the parts book negligently supplied by Caterpillar.

Jones also claims that the mechanical problems with the loader were caused by

the improper insertion of residual check valves in the wheel brake master cylinders. He claims that the check valves were improperly inserted because Wagner negligently supplied him with the wrong parts to use in the repair work, because Wagner negligently performed repairs on the loader, and because he relied on the incorrect information in the parts book negligently supplied to Wagner by Caterpillar.

By special verdicts, the jury exonerated Jones of negligence as to each claim. It awarded Jones $45,000 for the first fire to the skidder, finding that Caterpillar and Wagner were equally negligent. An award of $191,000 was given to Jones for the second fire to the skidder, the jury finding Caterpillar to be 20% negligent and Wagner to be 80% negligent. The jury awarded Jones $5,000 for damage to the loader, charging Caterpillar and Wagner with an equal share of negligence.

Judgment was entered against the defendants on these verdicts. During the pendency of this appeal, Jones and Wagner reached a settlement, and Wagner is no longer a party.

Caterpillar argues that the trial court erred in failing to give to the jury its tendered instruction on intervening cause. We agree.

The trial court gave the jury the following instruction:

"The word 'cause' as used in these instructions means that act or failure to act which in natural and probable sequence produced the claimed injury. It is a cause without which the claimed injury would not have been incurred.

"If more than one act or failure to act contributed to the claimed injury, then each act or failure to act may have been a cause of the injury. A cause does not have to be the only cause or the last or nearest cause. It is sufficient if the act or failure to act joins in a natural and probable way with some other act or failure to act to cause the claimed injury."

The trial court refused this supplementary instruction on intervening cause tendered by Caterpillar:

"One's conduct is not a cause of another's injuries, however, if, in order to bring about such injuries, it was necessary that his conduct combine or join with an intervening cause which also contributed to cause the injuries, but which intervening cause would not have been reasonably foreseen by a reasonably careful person under the same or similar circumstances." *See CJI–Civ.2d* 9:28 (1980).

 Intervening cause only relieves a defendant of liability if the intervening cause was not reasonably foreseeable. *Bradford v. Bendix-Westinghouse Automotive Air Brake Co.*, 33 Colo.App. 99, 517 P.2d 406 (1973). Whether an intervening cause is reasonably foreseeable is a question for the jury. *Bradford, supra.* If the evidence reveals that another cause may not have been sufficiently foreseeable so that it might constitute an intervening cause, thereby relieving the defendant of liability, then the trial court must include intervening cause in the instruction. *See Albo v. Shamrock Oil & Gas Corp.*, 160 Colo. 144, 415 P.2d 536 (1966); *Kulik v. Public Service Co.*, 43 Colo.App. 139, 605 P.2d 475 (1979), *aff'd*, 621 P.2d 313 (1980); *CJI–Civ.2d* 9:28 (1980) (Notes on Use).

 The evidence showed that Wagner had been previously and repeatedly informed by Caterpillar that the check valves were to be deleted from the brake master cylinders on both pieces of equipment. If Wagner had heeded Caterpillar's warnings to remove the check valves from the equipment and the repair kits, all of Jones' damages might have been avoided.

Moreover, there was evidence from which the jury could conclude that Wagner's actions in disregarding Caterpillar's warnings to remove the check valves were not reasonably foreseeable. There was evidence to show that Wagner was negligent in the repair of the skidder and loader as well as in furnishing parts to Jones for his own repair work. The evidence further

showed that Wagner supplied Jones with outdated repair kits with check valves and used outdated information in its own repair of the loader and skidder.

Hence, at the least, Wagner's actions raised issues of potential intervening causes that should have been submitted with proper instructions to the jury for resolution. *Albo v. Shamrock Oil & Gas Corp., supra; Kulik v. Public Service Co., supra.*

Caterpillar's argument that the trial court erred in denying its motion for directed verdict and for judgment notwithstanding the verdict is without merit. In view of this conclusion, we need not reach the issues concerning damages for lost profits.

The judgment is reversed and the cause is remanded for a new trial.

TURSI and METZGER, JJ., concur.