**Annette M. WILLIAMS, Plaintiff–Appellee,**

v.

**STATE Of Colorado DEPARTMENT OF HIGHWAYS, Defendant–Appellant.**

**No. 92CA1710.**

Colorado Court of Appeals, Div. V.

July 28, 1994.

Cook & Lee, P.C., Larry D. Lee, David Levy, Boulder, Sanderson & Associates, P.C., Michael J. Grills, Louisville, for plaintiff-appellee.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., George S. Meyer, Asst. Atty. Gen., Denver, for defendant-appellant.

Opinion by Judge BRIGGS.

Defendant, State of Colorado Department of Highways, appealed from a judgment entered on a jury verdict in favor of plaintiff, Annette M. Williams. Defendant contended that, under the definition of "motor vehicle" in § 42–1–102, C.R.S. (1984 Repl. Vol. 17), a snowplow was not a "motor vehicle" within the meaning of § 24–10–106(1)(a), C.R.S. (1988 Repl. Vol. 10A) and that, thus, sovereign immunity had not been waived for the accident in question. Plaintiff on appeal did not challenge the use of the definitions in § 42–1–102 to construe the meaning of "motor vehicle" in the waiver provision of the Governmental Immunity Act, but contended that such an analysis led to the conclusion that the vehicle in question was a "motor vehicle" for which sovereign immunity had been waived. We disagreed, and utilizing the definitions in § 42–1–102, reversed the judgment in favor of plaintiff. *Williams v. State of Colorado Department of Highways,* 874 P.2d 465 (Colo.App.1993).

On petition for certiorari, the Colorado Supreme Court vacated our judgment and remanded the cause to us for reconsideration in light of its recent decision in *Bertrand v. Board of County Commissioners,* 872 P.2d 223 (Colo.1994). In that decision, the supreme court rejected the use of the definitions in § 42–1–102 in defining "motor vehicle." The court instead held that, for purposes of the Colorado Governmental Immunity Act, "a 'motor vehicle' includes any vehicle on wheels having its own motor and not running on rails or tracks, for use on streets or highways." *Bertrand v. Board of County Commissioners, supra,* at 229.

Upon reconsideration using this definition, we find that a dump truck with an attached snowplow blade is a "motor vehicle" for purposes § 24–10–106(1)(a), C.R.S. (1988 Repl. Vol. 10A). Because of this resolution, it is unnecessary to address the other contention which had been raised by defendant.

Accordingly, the judgment in favor of plaintiff is affirmed.

MARQUEZ and DAVIDSON, JJ., concur.