Casey Frank STOCKWELL,
Plaintiff–Appellant,

v.

REGIONAL TRANSPORTATION DIS-
TRICT OF DENVER, a municipal
corporation, Defendant–Appellee.

No. 96CA0558.

Colorado Court of Appeals,
Div. IV.

March 6, 1997.

Rehearing Denied May 8, 1997.

Certiorari Denied Nov. 3, 1997.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1996 Cum.Supp.)

Kenneth J. Ferrigno, Wheat Ridge, for Plaintiff–Appellant.

James A. Stadler, Associate General Counsel, Denver, for Defendant–Appellee.

Opinion by Judge HUME.

Plaintiff, Casey Frank Stockwell, appeals from the judgment dismissing his complaint against defendant, the Regional Transportation District (RTD). We affirm.

According to the complaint, on October 26, 1993, plaintiff was injured when, without provocation, he was attacked and severely beaten by other passengers while riding an RTD bus. Plaintiff alleged that RTD had a duty to provide for his health and safety and negligently breached that duty by failing to provide adequate security measures.

RTD moved to dismiss plaintiff's complaint on the bases that: (1) it was barred for lack of subject matter jurisdiction under the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S. (1988 Repl.Vol. 10A); (2) it failed to state a claim upon which relief could be granted because RTD had no duty to plaintiff to prevent attacks by third persons; and (3) it failed to allege compliance with the notice requirements in § 24–10–109, C.R.S. (1988 Repl.Vol. 10A).

In response, plaintiff filed an amended complaint which set forth four claims for relief and alleged that he had strictly complied with the notice requirements of the GIA.

The trial court granted RTD's motion. Plaintiff appeals from that determination.

### I.

■ Plaintiff contends that the trial court erred in dismissing his complaint on the basis that RTD was immune from liability under the GIA. More specifically, plaintiff contends that the trial court erred when it failed to find that RTD's immunity had been waived under § 24–10–106(1)(a), C.R.S. (1996 Cum. Supp.) for the "operation of a motor vehicle." We are not persuaded.

The GIA bars actions against public entities for injuries that lie, or could lie, in tort except in certain limited circumstances. *See* § 24–10–106, C.R.S. (1988 Repl.Vol. 10A) and § 24–10–108, C.R.S. (1996 Cum.Supp.). Under § 24–10–106(1)(a), a public entity's immunity is waived in an action seeking compensation for injuries resulting from "[t]he operation of a motor vehicle, owned or leased by such public entity, by a public employee while in the course of employment...."

■ In interpreting the GIA, our goal is to give effect to the intent of the General Assembly. *City & County of Denver v. Gallegos*, 916 P.2d 509 (Colo.1996). That intent is determined primarily from the statutory language itself in accordance with the plain and ordinary meaning of the terms used. *Fogg v. Macaluso*, 892 P.2d 271 (Colo. 1995). A strained or forced interpretation of a statutory term should not be adopted in construing a waiver provision of the GIA. *State v. Hartsough*, 790 P.2d 836 (Colo.1990).

■ In enacting the GIA, the General Assembly declared that public entities should be liable "only to such an extent and subject to such conditions as are provided by this article." Section 24–10–102, C.R.S. (1988 Repl.Vol. 10A). Thus, the provisions waiving immunity are to be "interpreted narrowly in order to avoid imposing liability not specifically provided for in the statute." *City & County of Denver v. Gallegos, supra*, 916 P.2d at 511.

The term "operation" as it relates to "motor vehicles" is not defined in the GIA. *Cf.* § 24–10–103(3), C.R.S. (1988 Repl.Vol. 10A)(defining "operation" of a public facility).

In *Johnson v. Regional Transportation District*, 916 P.2d 619, 621 (Colo.App.1995), a division of this court stated that:

Historically, the common and ordinary meaning of 'operation,' as used in the context of motor vehicles, has not been restricted to their physical defects or movements, but has included, as pertinent here, the stops such vehicles ordinarily make.

From this, the court concluded that "negligently stopping to discharge a passenger at an improper place is part of the 'operation' of a bus for which immunity has been waived by the GIA." *Johnson v. Regional Transportation District, supra*, 916 P.2d at 622.

■ Hence, in the context of § 24–10–106(1)(a), the term "operation" means any act

or omission of the public employee in driving a motor vehicle, including, as determined in *Johnson, supra,* stopping the vehicle to allow passengers to board or disembark. Thus, immunity is waived under § 24–10–106(1)(a) only for those actions of the public employee that are necessary to operation of the vehicle.

Although providing adequate security may be essential so that RTD may attract and retain passengers on its bus routes, it is not necessary in order for the bus driver to operate the vehicle. *Cf. Richland Development Co. v. East Cherry Creek Valley Water & Sanitation District,* 934 P.2d 841 (Colo. App.1996)(no waiver of immunity under § 24–10–106(1)(f), C.R.S. (1988 Repl.Vol. 10A) in an action for mispresentation regarding the number of water and sewer taps available because supplying such information was merely ancillary to the "operation and maintenance" of a public sanitation facility); *Pack v. Arkansas Valley Correctional Facility,* 894 P.2d 34 (Colo.App.1995)(no waiver of immunity under § 24–10–106(1)(b), C.R.S. (1988 Repl.Vol. 10A) in an action stemming from injuries suffered in a parking area located outside of a correctional facility because maintaining the parking area was merely ancillary to the "operation" of a correctional facility).

Thus, because the provision of security is not essential to the public employee's "operation" of a motor vehicle and, at best, is merely ancillary to it, we conclude that RTD's immunity is not waived under § 24–10–106(1)(a) for its alleged failure to provide adequate security on its buses. This interpretation is consistent with the supreme court's admonition in *City & County of Denver v. Gallegos, supra,* that statutory waivers of immunity are to be interpreted narrowly.

Furthermore, insofar as § 24–10–106(1)(a) waives a public entity's immunity for injuries resulting from an employee's operation of a motor vehicle, the definitional terms set forth in *Johnson v. Regional Transportation District, supra,* necessarily refer to the acts or omissions of the public employee. Hence, by limiting the waiver of immunity in § 24–10–106(1)(a) only to the acts or omissions of the *public employee,* the General Assembly did not intend to extend the waiver of immunity to any act or omission of the *public entity*

itself. *Cf. Barham v. Scalia,* 928 P.2d 1381 (Colo.App.1996)(for purposes of providing notice of claim under § 24–10–109, the term "public employee" should not be substituted for the term "public entity").

Here, plaintiff did not allege that his injuries resulted from any act or omission of the bus driver. Rather, plaintiff asserted that an employee other than the one operating the vehicle was negligent in failing to provide adequate security to protect passengers against foreseeable third party assaults.

Therefore, under the circumstances presented here, we conclude that the trial court properly determined that RTD's immunity was not waived by § 24–10–106(1)(a). Accordingly, the court did not err in dismissing plaintiff's complaint.

II.

In view of our holding above, we need not address plaintiff's contentions that the trial court erred in dismissing the complaint on the bases that RTD did not have a common law duty to protect its passengers against third-party assaults and that he failed to plead that he had complied with the notice of claim requirements in § 24–10–109.

The judgment is affirmed.

BRIGGS and KAPELKE, JJ., concur.