**Mary KALLAGE and Joseph Kallage, Plaintiffs–Appellants,**

**v.**

**Casey ALVIDREZ, and County of Fremont, jointly and severally and individually, Defendants–Appellees.**

**No. 97CA0369.**

Colorado Court of Appeals, Div. V.

April 30, 1998.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1997.

Cross, Johnson & Associates, Anthony R. Cross, Galyn Johnson, Colorado Springs, for Plaintiffs–Appellants.

Peterson, Fonda, Farley, Mattoon, Crockenberg & Garcia, P.C., David W. Crockenberg, Pueblo, for Defendants–Appellees.

Opinion by Judge MARQUEZ.

In this negligence action, plaintiffs, Mary and Joseph Kallage, appeal from the trial court's dismissal of their complaint against defendants, Casey Alvidrez and the County of Fremont (County), on the basis that their claims were barred by governmental immunity. We reverse and remand with directions.

In 1994, Mary Kallage was injured when the car she was driving struck two horses that had wandered onto the roadway on which she was traveling.

Kallage and her husband filed suit against Alvidrez and the County, the owners of the horses, and the owners of the property where the horses were kept. In their complaint, plaintiffs alleged, *inter alia*, that Alvidrez, while operating a snowplow in the course and scope of his employment with the County, had negligently filled a cattle guard with snow and dirt on an adjacent county road. Plaintiffs alleged that this conduct permitted the horses to escape from their enclosure and enter the road on which plaintiff was driving.

Alvidrez and the County filed a motion for judgment on the pleadings pursuant to C.R.C.P. 12(c) on the basis that plaintiffs' claims were barred by the Colorado Governmental Immunity Act (GIA), §24–10–101, et seq., C.R.S.1997. Defendants argued that they were immune from liability under the GIA because §24–10–106(1)(d)(I), C.R.S.1997 does not waive immunity for an accident resulting from a dangerous condition of a county road.

Plaintiffs conceded that defendants' immunity was not waived under §24–10–106(1)(d)(I). However, they argued that by filling the cattle guard with snow and dirt, Alvidrez had negligently operated the snowplow. Thus, they contended that their claim was pursuant to §24–10–106(1)(a), C.R.S. 1997, which waives immunity for injuries resulting from the negligent operation of a motor vehicle.

In response, defendants asserted that because plaintiffs' injuries were not directly related to the operation of the snowplow, *i.e.*, there was no collision between the snowplow and Mary Kallage's car, §24–10–106(1)(a) was inapplicable.

The trial court treated defendants' motion as a motion to dismiss under C.R.C.P. 12(b)(1). It noted that plaintiffs did not assert that the snowplow caused the accident but rather that it caused the accumulation of snow and dirt in the cattle guard. Thus, the court reasoned that, because §24–10–106(1)(d)(I) specifically addressed waiver for a dangerous accumulation of snow, ice, sand,

and gravel, and §24–10–106(1)(a) did not apply "in the absence of some further or different involvement of the motor vehicle," defendants' immunity was not waived under §24–10–106(1)(a). The court stated that defendants' immunity must be waived under §24–10–106(1)(d)(I) or not at all. However, because the county roads are excluded from the exception to immunity in §24–10–106(1)(d)(I), the court concluded that plaintiffs' claims were barred by the GIA. Accordingly, it dismissed plaintiffs' complaint.

■ On appeal, plaintiffs contend that the trial court erred in determining that their claims against defendants were barred by the GIA. In particular, they assert that the trial court erred in determining that there had to be a waiver of immunity under §24–10–106(1)(d)(I) for the dangerous condition of a county road or not at all. Plaintiffs contend that Alvidrez's negligent filling of the cattle guard with snow and dirt falls within the waiver provisions of §24–10–106(1)(a). Under the circumstances presented here, we agree.

As pertinent here, §24–10–106(1), C.R.S. 1997, waives immunity in an action for injuries resulting from:

(a) The operation of a motor vehicle, owned or leased by such public entity, by a public employee while in the course of employment. . . .

. . . .

(d)(I) A dangerous condition of a public highway, road, or street which physically interferes with the movement of traffic. . . . Nothing in this subparagraph (I) shall preclude a particular dangerous accumulation of snow, ice, sand, or gravel from being found to constitute a dangerous condition in the surface of a public roadway when the entity fails to use existing means available to it for removal or mitigation of such accumulation and when the public entity had actual notice through the proper public official responsible for the roadway and had a reasonable time to act.

■ Whether sovereign immunity has been waived is an issue of subject matter jurisdiction to be determined by the trial court in accordance with C.R.C.P. 12(b)(1). *Fogg v. Macaluso,* 892 P.2d 271 (Colo.1995). If, as here, the underlying facts are undisputed, the issue is one of law, and an appellate court is not bound by the trial court's determination. *Swieckowski v. City of Fort Collins,* 934 P.2d 1380 (Colo.1997).

Here, the parties do not dispute that a snowplow is a motor vehicle for purposes of §24–10–106(1)(a). *See Bertrand v. Board of County Commissioners,* 872 P.2d 223, 229 (Colo.1994) ("a 'motor vehicle' includes any 'vehicle on wheels having its own motor and not running on rails or tracks, for use on streets or highways'."); *see also Williams v. State Department of Highways,* 879 P.2d 490, 491 (Colo.App.1994) ("a dump truck with an attached snow blade is a 'motor vehicle' for purposes of § 24–10–106(1)(a). . . .").

In *Johnson v. Regional Transportation District,* 916 P.2d 619 (Colo.App.1995), a division of this court interpreted the term "operation" as it is used in §24–10–106(1)(a). There, the plaintiff was injured when she disembarked from a Regional Transportation District (RTD) bus and was struck by another vehicle as she was crossing the highway to get to her parked car. The plaintiff alleged that the bus driver had negligently stopped in a traffic lane and across the highway from the regular bus stop. The trial court dismissed the complaint, ruling that RTD was immune from suit because the plaintiff's injuries did not arise from the operation of the bus.

On appeal, the division rejected RTD's argument that a plaintiff must be injured by the actual movement of the vehicle or one of its parts, noting that the common and ordinary meaning of the term "operation" as used in relation to motor vehicles had not been restricted to a vehicle's physical defects or movements. It held that:

[N]egligently stopping to discharge a passenger at an improper place is part of the 'operation' of a bus for which immunity has been waived by the GIA.

*Johnson v. Regional Transportation District, supra,* 916 P.2d at 622.

Subsequently, in *Stockwell v. Regional Transportation District,* 946 P.2d 542 (Colo.

App.1997), a division of this court again interpreted the General Assembly's use of the term "operation" in §24–10–106(1)(a) in connection with an incident in which one bus passenger was attacked by other passengers. Citing *Johnson v. Regional Transportation District, supra,* the court noted that "the term 'operation' means any act or omission of the public employee in driving a motor vehicle. . . ." The court limited the scope of this language, however, noting that immunity is waived under §24–10–106(1)(a) "only for those actions of the public employee that are necessary to the operation of the vehicle." *Stockwell v. Regional Transportation District, supra,* 946 P.2d at 543–544.

Accordingly, because the provision of security to passengers was not necessary to the driver's operation of the bus, the court concluded that the trial court did not err in dismissing the complaint. *Cf. Bertrand v. Board of County Commissioners, supra* (claim for injuries to a rider who was thrown from her horse when it was spooked by a road grader that allegedly was operating at an excessive speed was not barred by the GIA).

Defendants contend that the trial court properly found that §24–10–106(1)(d)(I) was the exclusive provision applicable to the waiver of defendants' immunity under the circumstances presented here. We disagree.

We note that the trial court's decision was based on its determination that the snow and dirt constituted a dangerous condition of a county road. However, the snow and dirt did not constitute a dangerous condition on the road on which Mary Kallage was driving.

■ Here, it is not disputed that the filling of a cattle guard with snow and dirt was caused by Alvidrez's operation of the snowplow. And, there is no requirement that a plaintiff be injured by the actual movement of the vehicle or one of its parts. *See Johnson v. Regional Transportation Department, supra.* Therefore, because Alvidrez's use of the snowplow allegedly allowed the horses to escape from their enclosure, which resulted

in Mary Kallage's injuries, we conclude that the trial court erred in determining that §24–10–106(1)(a) was inapplicable and that §24–10–106(1)(d)(I) was the exclusive provision under which defendants' immunity could be waived.

The judgment is reversed, and the cause is remanded to the trial court with directions to reinstate plaintiffs' complaint and to conduct further proceedings as appropriate.

KAPELKE and ERICKSON,* JJ., concur.