MID–CENTURY INSURANCE COMPANY, a California insurance company authorized to do business in Colorado, Plaintiff–Appellee,

v.

HERITAGE DRUG, LTD., a Colorado corporation; William E. Ranshaw; and Patricia A. Ranshaw, Defendants–Appellants.

No. 98CA1138.

Colorado Court of Appeals,
Div. V.

Nov. 26, 1999.

Certiorari Denied June 19, 2000.*

* Justice BENDER does not participate.

**462**

Levy & Lambdin P.C., Marc R. Levy, Stuart D. Morse, Michael S. Power, Englewood, Colorado, for Plaintiff–Appellee.

McDermott and Hansen, Gerald P. McDermott, William J. Hansen, Denver, Colorado; Richard T. Casson, Steamboat Springs, Colorado, for Defendants–Appellants.

Opinion by Judge KAPELKE.

In this declaratory judgment action concerning automobile insurance coverage, defendants, Heritage Drug, Ltd. (Heritage Drug) and William E. Ranshaw, appeal from a summary judgment entered in favor of plaintiff, Mid–Century Insurance Company (Mid–Century). We affirm.

Ranshaw, now deceased, was the owner of Heritage Drug and provided his daughter a car to drive. He had initially purchased the car for his business, and legal title remained in Heritage Drug. At the time the daughter received the car, she was living in Steamboat Springs, Colorado and Ranshaw resided in Denver.

As a result of the daughter's having committed several traffic violations, the original automobile insurance carrier declined to renew its policy. The policy at issue here was then issued by Mid–Century. The Mid–Century policy designated the daughter as the only named insured; however, Heritage Drug paid all the premiums on the policy.

While driving the car, the daughter collided with a pedestrian, who received severe injuries as a result of the accident. That individual brought suit against the daughter,

as well as against Ranshaw, Heritage Drug, and Ranshaw's wife. Mid–Century settled the claims against the daughter by paying out $100,000, the stated policy limit. However, it denied coverage as to the others.

The underlying action involving the pedestrian's claims proceeded to arbitration. The arbitrator found Ranshaw and Heritage Drug liable based on a claim of negligent entrustment.

Mid–Century brought this declaratory judgment action, seeking a determination that the policy provided no coverage as to Ranshaw, Ranshaw's wife, and Heritage Drug. Defendants counterclaimed alleging, among other claims, breach of contract. The parties filed cross-motions for summary judgment as to coverage. The court found that defendants were not insured under the policy and therefore entered summary judgment in favor of Mid–Century. This appeal followed.

I.

■ Defendants contend that the trial court erred in determining that they were not covered by the policy. Specifically, they argue that, because they were found in the arbitration to have negligently entrusted the car to the daughter, they were entitled to coverage as persons who "were using" the car. We disagree.

The policy listed daughter as the named insured and the car as the insured vehicle. It provided, in relevant part, that:

[Mid–Century] will pay damages for which *any insured person* is legally liable because of bodily injury to any person and property damage arising out of the ownership, maintenance or *use* of a private passenger car .... (emphasis added)

Under the policy, "insured person" included:

1. You or any family member.

2. Any person *using your insured car.*

3. *Any other person or organization with respect only to legal liability for acts or omissions of:*

   a. Any person covered under this part while using your insured car. (emphasis added)

Here, it is undisputed that the daughter was the only named insured under the policy. It is further undisputed, and the parties stipulated, that the daughter was living in Steamboat Springs and did not reside in the Ranshaws' family home, which was in Denver, and that defendants did not qualify for coverage as family members of the insured, as that term was defined in the policy. Therefore, defendants would qualify as insured persons and be entitled to coverage under the policy only as other insureds if they were "using" the car or were "persons or organizations legally liable for the acts or omissions" of the daughter.

Defendants argue that by entrusting the car to their daughter, they were "using" the car and, therefore, are entitled to coverage under the policy. The trial court concluded, as a matter of law, that defendants' entrustment of the car did not amount to a "use" of the car by them for the purpose of coverage. We agree with that conclusion.

■ When determining the meaning of the term "use" in an automobile insurance policy, a court must examine the factual circumstances of each case, including the particular characteristics of the vehicle and the intention of the parties to the contract. Also, some causal relationship must be shown between the claimant's injuries and the use of the vehicle. *Aetna Casualty & Surety Co. v. McMichael*, 906 P.2d 92 (Colo.1995)

With respect to the parties' intentions, it is notable that although Ranshaw had arranged for the purchase of the insurance policy and Heritage Drug had paid the premiums and had retained the ownership title, neither of them was designated as a named insured— the policy named only the daughter.

The car was being "used" by the daughter in Steamboat Springs solely for her own purposes, and the accident arose from that use. There is no suggestion in the record that her use of the car was in any way for the benefit of Ranshaw or Heritage Drug.

In *Samuels v. American Automobile Insurance Co.*, 150 F.2d 221, 223 (10th Cir. 1945), the court of appeals analyzed a similar issue as follows: "Where A operates B's automobile with B's consent and for B's purpose, benefit or advantage, it may be said that B is using the automobile, but, where A operates B's automobile with B's consent, solely for A's purpose, and in no sense for any purpose, benefit, or advantage of B, it cannot be said that B is using the automobile."

We agree with the analysis in *Samuels*. See also *Treadaway v. Progressive Northwestern Insurance*, 720 So.2d 693, 696 (La. App.1998) (rejecting claim that the insured was "somehow using the vehicle by allowing his excluded spouse to drive").

■ Significantly, a claim for negligent entrustment is not based on the entrustor's "use" of the car, but instead on his or her separate act of negligence. As the court recognized in *Douglass v. Hartford Insurance Co.*, 602 F.2d 934, 935–936 (10th Cir. 1979), the gist or gravamen of the tort of negligent entrustment "is not the use of the motor vehicle ... but rather the failure to supervise what amounts to a dangerous instrumentality."

We thus conclude that the trial court correctly determined that defendants were not "using" the car, so as to qualify as insureds under the policy.

Similarly, we reject defendants' contention that they have coverage as "persons or organizations" having "legal liability" for the acts of or omissions of the daughter. As discussed, the claim of negligent entrustment brought against defendants was not based on vicarious liability, but on their own alleged negligence.

## II.

■ Defendants also contend that they were entitled to coverage as insureds because they were "responsible for the use" of the car within the meaning of § 42–7–413(1)(b), C.R.S.1999. We disagree.

Section 42–7–413(1)(b) provides that:

The policy of liability insurance shall insure the person named therein *and any other person using or responsible for the use* of said motor vehicle with the express or implied permission of said insured. (emphasis added)

Our task in construing a statute is to ascertain and effectuate the legislative intent. To do so, we first look to the statutory language and effectuate the statutory terms according to their commonly accepted meaning. *State Farm Mutual Automobile Insurance Co. v. Graham*, 860 P.2d 566 (Colo.App. 1993).

The issue is whether, under § 42–7–413(1)(b), Mid–Century was required to provide coverage to Ranshaw and Heritage Drug as persons "responsible for the use" of the car.

One may be said to be "responsible" for a car's use if, for example, such use arises out of an employer-employee relationship and the person uses the car during the course and scope of employment. *See Ohio Farmers Indemnity Co. v. Interinsurance Exchange*, 266 Cal.App.2d 772, 72 Cal.Rptr. 269 (1968). No such relationship exists here.

Any liability of defendants to the injured party based on the claim of negligent entrustment would derive not from their having been "responsible" for the daughter's use of the car, but rather by reason of their own conduct. The mere ownership of the car would not, of course, give rise to personal liability. Further, a claim for negligent entrustment is not one based on a theory of vicarious liability. *Hasegawa v. Day*, 684 P.2d 936 (Colo.App.1983).

Finally, we note that defendants rely on *State Farm Mutual Automobile Insurance Co. v. Graham, supra;* however, we find that case inapposite. There, a division of the court determined that an automobile insurance policy can properly exclude coverage for claims based on a negligent entrustment theory. The division did not address the issue of whether an owner is "using" or "responsible for the use" of an automobile under facts such as those presented here.

Accordingly, the trial court properly determined that defendants were neither "using" the car nor "responsible" for its use within the meaning of § 42–7–413(1)(b) or the policy itself. Accordingly, they were not additional insureds under the policy.

In light of our conclusion that defendants were not entitled to coverage, we need not address Mid–Century's other arguments in support of affirmance.

The judgment is affirmed.

Judge DAVIDSON and Judge TAUBMAN concur.