Brad M. KAHLAND, Plaintiff–Appellant,

v.

Patrick Darrin VILLARREAL and the City and County of Denver Wastewater Management Division, Defendants–Appellees.

No. 05CA1474.

Colorado Court of Appeals, Div. VI.

Sept. 7, 2006.

Bachus & Schanker, L.L.C., Darin L. Schanker, R. Keith Fuicelli, Denver, Colorado, for Plaintiff–Appellant.

Cole Finegan, City Attorney, Suzanne A. Fasing, Assistant City Attorney, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge ROMÁN.

Plaintiff, Brad M. Kahland, appeals the trial court's order dismissing two claims against defendants, Patrick Darrin Villarreal and the City and County of Denver Wastewater Management Division (Denver), on the basis of governmental immunity. We affirm.

This action arises from a motor vehicle accident involving Kahland and Villarreal on November 13, 2001. At the time of the accident, Villarreal was an employee operating a vehicle owned by Denver within the course and scope of his employment.

Kahland asserted six claims for relief in his complaint: (1) negligence; (2) negligence per se; (3) vicarious liability of Denver pursuant to the doctrine of respondeat superior; (4) negligent entrustment; (5) negligent hiring, training, and supervision; and (6) property damage to his vehicle and loss of use.

Defendants moved to dismiss Kahland's fourth and fifth claims for relief for negligent entrustment and negligent hiring, training, and supervision. Defendants argued that these claims were barred by the Colorado Governmental Immunity Act (CGIA), § 24–10–101, et seq., C.R.S.2005, and did not fall within the waiver of immunity set forth in § 24–10–106(1)(a), C.R.S.2005, for the operation of a motor vehicle. Defendants asserted that the term "operation" only applied to the acts or omissions of the public employee and not the acts or omissions of the public entity.

In response, Kahland argued that because his injuries resulted from the operation of the motor vehicle, and his claims for negligent entrustment and negligent hiring, training, and supervision sought damages for those injuries, the waiver of immunity set forth in § 24–10–106(1)(a) for the operation of a motor vehicle was applicable to those claims.

The trial court determined that the waiver of immunity set forth in § 24–10–106(1)(a) applied only to the acts or omissions of a public employee and not to the acts or omissions of the public entity itself. Accordingly, the court concluded that defendants' immunity had not been waived under § 24–10–106(1)(a) with regard to Kahland's claims for negligent entrustment and negligent hiring, training, and supervision.

Kahland brought this appeal pursuant to § 24–10–108, C.R.S.2005.

■ Kahland contends that the trial court erred in concluding that his claims for negligent entrustment and negligent hiring, training, and supervision were barred by the CGIA. We disagree.

Whether sovereign immunity has been waived is an issue of subject matter jurisdiction to be determined by the trial court in accordance with C.R.C.P. 12(b)(1). *Fogg v. Macaluso*, 892 P.2d 271 (Colo.1995). If, as here, the underlying facts are undisputed, the issue is one of law, and an appellate court is not bound by the trial court's determination. *Swieckowski v. City of Fort Collins*, 934 P.2d 1380 (Colo.1997); *Johnson v. Reg'l Transp. Dist.*, 916 P.2d 619 (Colo.App.1995).

■ Because the CGIA is in derogation of Colorado's common law, the grant of immunity is to be strictly construed against the public entity, and the waiver provisions are to be deferentially construed in favor of victims. *See Walton v. State*, 968 P.2d 636 (Colo.1998).

Section 24–10–106(1)(a) waives sovereign immunity for injuries resulting from the operation of a motor vehicle, owned or leased by a public entity, by a public employee while in the course of employment.

The term "operation" is not defined in the CGIA with regard to motor vehicles. However, a division of this court has held that the term "operation," in its general sense, means "a mode of action, work, exercise of power," or "to run or control the function of." *Johnson v. Reg'l Transp. Dist., supra,* 916 P.2d at

621 (quoting *Webster's Third New International Dictionary* 1531 (1976) ). Based on this definition, operation was interpreted by that division as a broad term which includes both the physical defects of a motor vehicle and its movement, as well as other actions fairly incidental to those defects or movements. *See Johnson v. Reg'l Transp. Dist., supra.* Another division of this court has held that operation necessarily refers to the actions of the operator as related to the physical control of the functions of the motor vehicle. *Harris v. Reg'l Transp. Dist.,* 15 P.3d 782 (Colo.App.2000).

For example, in *Johnson v. Regional Transportation District, supra,* the division held that negligently stopping to discharge a passenger at an improper place is part of the operation of a bus for which immunity has been waived by the CGIA. Similarly, in *Harris v. Regional Transportation District, supra,* the division held that injuries to a passenger that were caused by ice and snow on the steps of the bus fell within the waiver of immunity for the operation of a motor vehicle.

In contrast, a division of this court in *Stockwell v. Regional Transportation District,* 946 P.2d 542 (Colo.App.1997), held that the placement of security cameras in a bus was not necessary to the operation of the bus. Accordingly, the division concluded that the failure to provide security cameras did not result in the waiver of the governmental entity's immunity for the actions of one passenger in assaulting another.

■ A claim for negligent entrustment seeks to impose direct liability on the employer. *See Mid–Century Ins. Co. v. Heritage Drug, Ltd.,* 3 P.3d 461 (Colo.App.1999)(holding that a claim for negligent entrustment is not based on the entrustor's "use" of the car, but instead on his or her separate act of negligence). Similarly, a claim for negligent hiring, training, and supervision is based on the employer's failure to discover that the employee created an undue risk of harm to others. *Connes v. Molalla Transp. Sys., Inc.,* 831 P.2d 1316 (Colo.1992)(an employer can be found liable for the tort of negligent hiring when a person is hired under circumstances that anteced-

ently give the employer reason to believe that the person, by reason of some attribute of character or prior conduct, would create an undue risk of harm to others in carrying out his or her employment responsibilities); *see also Raleigh v. Performance Plumbing & Heating, Inc.,* 130 P.3d 1011 (Colo.2006)(the tort of negligent hiring is independent of a respondeat superior theory; under appropriate circumstances, it may apply to impose liability even though the employee is acting outside the scope of the employment).

Kahland argues that because the division in *Harris v. Regional Transportation District, supra,* held that if the claimant's injuries otherwise result from the operation of a bus, even if the underlying cause may have been faulty maintenance, the waiver of immunity is applicable. Kahland notes that the *Harris* division opined that a motor vehicle accident resulting from a skid ultimately caused by improperly inflated tires, or injuries resulting from the closing of a defective bus door on a passenger's arm, would fall within the waiver of immunity under § 24–10–106(1)(a). Accordingly, based on this analysis, Kahland argues that because his injuries resulted from the operation of a motor vehicle, the waiver of immunity set forth in § 24–10–106(1)(a) is applicable to his claims for negligent entrustment and negligent hiring, training, and supervision.

However, even assuming faulty maintenance could fall within the operation of a motor vehicle, we conclude that the alleged conduct of Denver in either negligently entrusting Villarreal with the vehicle or negligently hiring, training, or supervising him does not. *See Harris, supra,* 15 P.3d at 784 ("operation" of a motor vehicle includes actions "fairly incidental" to "physical defects of motor vehicle and its movement").

Thus, while the failure properly to maintain a vehicle may be fairly characterized as incidental to the operation of the vehicle, the conduct associated with negligent entrustment and negligent hiring, training, and supervision is simply not part of the operation of a vehicle.

Therefore, because Kahland's claims for negligent entrustment and for negligent hir-

ing, training, and supervision did not fall within the waiver of immunity for the operation of a motor vehicle, we conclude that the trial court did not err in dismissing those claims.

The order is affirmed.

Judge VOGT and Justice ROVIRA * concur.