Mary Beth HARTSOUGH and Patrick J. Hartsough, Plaintiffs–Appellants,

v.

The STATE of Colorado; Colorado State University; Colorado State University Veterinary Teaching Hospital; Colorado State University College of Veterinary Medicine and Biomedical Sciences; Colorado State University College of Veterinary Medicine and Biomedical Sciences Veterinary Teaching Hospital; Dr. John Smith, D.V.M.; and Heidi Hamlin, Defendants–Appellees.

No. 87CA1262.

Colorado Court of Appeals,
Div. IV.

Aug. 25, 1988.

Rehearing Denied Sept. 15, 1988.

Zak, Fox, Pehr and Fuller, P.C., David W. Pehr, Westminster, for plaintiffs-appellants.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Timothy R. Arnold, Asst. Atty. Gen., Denver, for defendants-appellees.

HUME, Judge.

Plaintiffs, Mary Beth and Patrick J. Hartsough, appeal the dismissal of their complaint in which they alleged that the defendants' negligent medical examination of a llama resulted in its death. The Hartsoughs contend that the trial court erred in concluding that defendants were immune from liability pursuant to § 24–10–106(1)(b), C.R.S. (1982 Repl.Vol. 10) of the Colorado Governmental Immunity Act (Act). We reverse and remand for further proceedings.

Section 24–10–106, C.R.S. (1982 Repl.Vol. 10) creates the following relevant exception to immunity for tort claims:

"(1) A public entity shall be immune from liability in all claims for injury which are actionable in tort except as provided otherwise in this section. Sovereign immunity, whether previously available as a defense or not, shall not be asserted by a public entity as a defense in an action for damages for injuries resulting from:

. . . .

"(b) The operation of any *public hospital*, correctional facility, as defined in section 17–1–102, C.R.S. 1973, or jail by

such public entity...." (emphasis added)

The district court concluded that the term "public hospital" was not intended to include public veterinary hospitals and, accordingly, dismissed plaintiffs' claims. On appeal, plaintiffs contend that the term "public hospital" should be interpreted to include all types of public hospitals, not just those institutions which treat people. We agree.

In construing a statute we must seek to ascertain and give effect to the intention of the General Assembly. *Stephen v. Denver*, 659 P.2d 666 (Colo.1983). We must also presume that in enacting a statute a just and reasonable result was intended. Section 2–4–201, C.R.S. (1980 Repl.Vol.1B).

The legislative history of the Act reveals that the General Assembly intended to distinguish between state functions which can and cannot be performed by the private sector. With respect to those state functions which can be performed by the private sector, the Act created exceptions to immunity to avoid inequitable results. *See* Colorado Legislative Council, Research Publ. No. 134, Governmental Liability in Colorado, at xxvii (1968).

Here, inequities would be created if the Act were construed so that a private veterinary hospital would not be immune from suit but a public veterinary hospital would be immune. Such a constrictive interpretation of "public hospital" would ignore the purpose for which this exception to sovereign immunity was created. *See Stephen v. Denver, supra.* We, therefore, conclude that it was the intent of the General Assembly to exclude public veterinary hospitals from immunity.

The judgment dismissing the Hartsough's complaint is reversed and the cause is remanded for further proceedings.

BABCOCK and NEY, JJ., concur.