Sarah Anne **GABRIEL** and **Jenny Sue Shoaff, minors, By and Through their mother and next friend, Karla Gail GABRIEL, Plaintiffs–Appellants,**

v.

**CITY AND COUNTY OF DENVER, Denver Department of Social Services and Colorado Department of Social Services, Defendants–Appellees.**

No. 90CA0827.

Colorado Court of Appeals, Div. III.

July 5, 1991.

Rehearing Denied Aug. 15, 1991.

Certiorari Denied Jan. 27, 1992.

Silvern Law Offices, P.C., Steven Silvern, Kara T. Birkedahl, Denver, for plaintiffs-appellants.

Patricia L. Wells, City Atty., Niels Loechell, Asst. City Atty., Denver, for defendant-appellee City and County of Denver and Denver Dept. of Social Services.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Timothy R. Arnold, Deputy Atty. Gen., Simon P. Lipstein, Asst. Atty. Gen., Denver, for defendant-appellee Colorado Dept. of Social Services.

Opinion by Judge PLANK.

Plaintiffs, Sarah Anne Gabriel and Jenny Sue Shoaff, minors, by and through their mother and next friend, Karla Gail Gabriel, appeal from the judgment dismissing their claims against defendants, the City and County of Denver, the Denver Department of Social Services, and the Colorado Department of Social Services. We affirm.

The complaint alleged that, on February 26, 1988, plaintiffs were removed from their mother's custody and placed in the legal custody of the Denver Department of Social Services for out-of-home placement in foster care. The Denver Department of Social Services was alleged to be an agent of the Colorado Department of Social Services and a department of the City and County of Denver. The complaint further alleged that, while the children were in the legal custody of the Denver Department of Social Services, they were subjected to abuse and/or neglect including sexual assault. Plaintiffs also alleged that all defendants had a non-delegable duty to ensure that children in their care were placed in safe environments and that defendants were negligent in the hiring, training, retention, and supervision of foster parents and child care providers.

Both the City defendants and the State defendant filed motions to dismiss the complaint, asserting that plaintiffs' negligence claims were barred by the Governmental Immunity Act, § 24–10–101, et seq., C.R.S. (1988 Repl.Vol. 10A). The trial court granted defendants' motions, concluding that no provision in the Governmental Immunity Act waived immunity for these claims.

## I.

Plaintiffs contend that the trial court erred in concluding that defendant's sovereign immunity had not been waived pursuant to § 24–10–106(1)(b), C.R.S. (1988 Repl.Vol. 10A). That section provides:

"Sovereign immunity is waived by a public entity in an action for injuries resulting from ... [t]he operation of any public hospital, correctional facility, as defined in section 17-1-102, C.R.S. or jail by such public entity."

Plaintiffs argue that a foster home is the equivalent of either a hospital, a correctional facility, or a jail. We disagree with this contention.

Ordinarily, words and phrases found in a statute are to be construed according to their familiar and generally accepted meaning. *Harding v. Industrial Commission*, 183 Colo. 52, 515 P.2d 95 (1973).

Our supreme court recently construed the above-quoted section of the Governmental Immunity Act and determined that "the context of section 24–10–106(1)(b) makes clear the legislature's intent to limit the term 'hospital' to institutions providing care for sick and injured persons." *State v. Hartsough*, 790 P.2d 836 (Colo.1990). Further, the *Hartsough* court pointed out that: "§ 17–1–102(1) defines 'correctional facility' to mean 'any facility under the supervision of the department [of corrections] in which persons are or may lawfully be held in custody as a result of conviction of a crime.'" Accordingly, we conclude that a foster home for the placement of

children cannot be characterized as either a "hospital" or a "correctional facility" for purposes of the sovereign immunity statute.

We also reject plaintiff's contention that a foster home is the equivalent of a "jail" under the statute. In emphasizing the distinction between a "home" and a "jail," our supreme court has stated, "to say that a public jail is the equivalent of a man's 'house' ... is at best a novel argument.... [I]t is obvious that a jail shares none of the attributes of privacy of a home." *Moore v. People,* 171 Colo. 338, 467 P.2d 50 (1970).

Thus, we conclude that the General Assembly did not intend to include foster homes among the institutions or facilities set forth in § 24–10–106(1)(b) and that the trial court correctly determined that the defendants' immunity had not been waived.

## II.

■ Plaintiffs also contend that § 24–10–106(1)(b) of the Colorado Governmental Immunity Act, as interpreted by the trial court, deprives plaintiffs of equal protection under the Colorado and United States Constitutions. However, because this court lacks jurisdiction to determine the constitutionality of a statute, we do not address this issue. *See* § 13–4–102(1)(b), C.R.S. (1987 Repl.Vol. 6A); *Flores v. Colorado Department of Revenue,* 802 P.2d 1175 (Colo.App.1990).

To the extent that we have jurisdiction of the issues raised, the judgment is affirmed.

TURSI and CRISWELL, JJ., concur.