Richard A. SMITH and Mary Lou Smith, Plaintiffs–Appellees,

v.

**TOWN OF ESTES PARK, Defendant–Appellant.**

**No. 95CA1993.**

Colorado Court of Appeals, Div. II.

Dec. 27, 1996.

Rehearing Denied Jan. 30, 1997.

Certiorari Denied Oct. 20, 1997.

Cooper & Clough, P.C., Paul D. Cooper, Karen L. Allison, Denver, for Plaintiffs–Appellees.

Halaby, Cross, Liechty & Schluter, Robert M. Liechty, Leslie L. Schluter, Denver, for Defendant–Appellant.

Opinion by Justice QUINN.*

In this negligence action, defendant, the Town of Estes Park (Town), brings an interlocutory appeal pursuant to § 24–10–108, C.R.S. (1996 Cum.Supp.) from the trial court's order denying a motion to dismiss the complaint of plaintiffs, Richard A. and Mary Lou Smith, on the basis that it was barred by governmental immunity. We affirm.

I.

In November 1994, plaintiff, Richard A. Smith, was injured when he slipped and fell on ice that had accumulated in a "crosspan" located at the edge of one of the Town's streets adjacent to a parking lot of a hardware store. The cross-pan was part of the Town's storm water drainage system and was designed to transport water that had been discharged into it from a culvert located uphill from the hardware store.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

Plaintiffs brought this action against the Town and the hardware store, seeking damages arising from Richard Smith's injuries. The Town filed a motion to dismiss plaintiffs' complaint based upon the trial court's lack of subject matter jurisdiction under the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S. (1988 Repl.Vol. 10A). The Town alleged that plaintiffs' action did not fall within any of the statutory provisions waiving immunity under the GIA.

The trial court conducted an evidentiary hearing at which plaintiffs presented evidence of the Town's awareness of the recurring ice accumulation at the cross-pan. After the hearing, the trial court issued a written order denying the Town's motion based upon its determination that the Town's immunity had been waived pursuant to § 24–10–106(1)(f), C.R.S. (1988 Repl.Vol. 10A), which waives immunity for the operation and maintenance of any public sanitation facility.

In its ruling, however, the trial court did not address whether the ice accumulation constituted a dangerous condition, which is defined in § 24–10–103(1), C.R.S. (1996 Cum. Supp.) as follows:

'Dangerous condition' means a physical condition of a facility or the use thereof which constitutes an unreasonable risk to the health or safety of the public, which is known to exist or which in the exercise of reasonable care should have been known to exist and which condition is proximately caused by the negligent act or omission of the public entity in constructing or maintaining such facility. Maintenance does not include any duty to upgrade, modernize, modify, or improve the design or construction of a facility. For the purposes of this subsection (1), a dangerous condition should have been known to exist if it is established that the condition had existed for such a period of time and was of such a nature that, in the exercise of reasonable care, such condition and its dangerous character should have been discovered. A dangerous condition shall not exist solely

and § 24–51–1105, C.R.S. (1996 Cum.Supp.)

**573**

because the design of any facility is inadequate. The mere existence of wind, water, snow, ice, or temperature shall not, by itself, constitute a dangerous condition.

## II.

The Town contends that the trial court erred in analyzing whether there had been a waiver of immunity under § 24–10–106(1)(f), rather than under either § 24–10–106(1)(d)(I), C.R.S. (1996 Cum.Supp.), which waives immunity for a dangerous condition of a public street that interferes with the movement of traffic in the paved portion thereof, or § 24–10–106(1)(e), C.R.S. (1988 Repl.Vol. 10A), which waives immunity for a dangerous condition of a public sanitation facility. According to the Town, the manner in which the person is injured should control which one of the various waiver provisions the trial court should apply. From that premise, the Town argues that plaintiff was injured when he slipped and fell on ice that had accumulated in the cross-pan, which is part of a public street, and, therefore, the trial court should have analyzed the issue of immunity under the "public street waiver" of § 24–10–106(1)(d)(I), or, alternatively, under the "dangerous public sanitation facility" provisions of § 24–10–106(1)(e).

Because the circumstances present here support the application of § 24–10–106(1)(f), which does not incorporate the "dangerous condition" element of § 24–10–103(1), we conclude that the trial court did not err in analyzing the Town's immunity under § 24–10–106(1)(f).

## A.

The GIA provides that a public entity is immune from liability for all claims that lie or could lie in tort except in certain limited circumstances. *See* §§ 24–10–105 and 24–10–106(1), C.R.S. (1988 Repl.Vol. 10A).

■ In interpreting the GIA, our goal is to give effect to the intent of the General Assembly. *City & County of Denver v. Gallegos,* 916 P.2d 509 (Colo.1996). The General Assembly, in enacting the GIA, declared that public entities should be liable "only to such an extent and subject to such conditions as are provided by this article." Section 24–10–102, C.R.S. (1988 Repl.Vol. 10A). For that reason, statutory provisions waiving immunity are to be "interpreted narrowly in order to avoid imposing liability not specifically provided for in the statute." *City & County of Denver v. Gallegos, supra,* 916 P.2d at 511. In interpreting the GIA exceptions narrowly, however, we also, to the extent possible, must give effect to all parts of the GIA and avoid constructions that would render any part of it meaningless. *Jenks v. Sullivan,* 826 P.2d 825 (Colo.1992); *Blue River Defense Committee v. Town of Silverthorne,* 33 Colo. App. 10, 516 P.2d 452 (1973).

## B.

■ The trial court's resolution of its subject matter jurisdiction under the GIA is to be determined in accordance with C.R.C.P. 12(b)(1). *Fogg v. Macaluso,* 892 P.2d 271 (Colo.1995); *Swieckowski v. City of Fort Collins,* 923 P.2d 208 (Colo.App.1995). Appellate review of that determination is based upon the highly deferential, clearly erroneous standard. *Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916 (Colo.1993). However, if the underlying facts are undisputed, the issue is one of law, and we are not bound by the trial court's determinations. *Johnson v. Regional Transportation District,* 916 P.2d 619 (Colo.App. 1995).

The starting point for determining whether and to what extent a statutory exception to governmental immunity may be applicable is the statutory text itself, *Fogg v. Macaluso, supra,* followed by an analysis of the particular governmental function out of which the claimed injury arose and a consideration of where and how the injury occurred.

In *Burnworth v. Adams County,* 826 P.2d 368 (Colo.App.1991), a division of this court, relying on the definition of "sewerage facilities," prior case law, and the types of facilities which sanitation districts are authorized to provide, held that a county storm drain or surface water drain is a public sanitation facility as that term is used in § 24–10–106(1)(f). The court concluded that governmental immunity was waived for a claim for

property damage caused by the continual accumulation of water and debris arising from the operation and maintenance of the storm or surface water drain. *See also City & County of Denver v. Gallegos, supra; Scott v. City of Greeley,* 931 P.2d 525 (Colo. App.1996).

Here, it is undisputed that plaintiff fell on ice that had accumulated in the cross-pan which was part of the Town's only storm water drainage system. This system had been specifically designed to transport water through the culvert and cross-pan down to a ditch that eventually emptied into a lake. In addition, it is not disputed that the ice resulted from water that had drained from the culvert into the cross-pan and that the Town had previously maintained the cross-pan by plowing, sanding, and chipping out accumulated snow and ice.

### C.

The Town argues that because the storm water system's operation was passive in nature, plaintiffs' injuries did not arise from the "operation" of a public sanitation facility. We reject that argument and conclude that the trial court did not err in applying § 24–10–106(1)(f) in resolving the issue of waiver. *See Scott v. City of Greeley, supra.*

The critical requirement for a waiver of sovereign immunity under § 24–10–106(1)(f) is that a plaintiff's injuries result from the "operation and maintenance" of a public sanitation facility. There is evidence in the record establishing that, for purposes of the Town's motion to dismiss, the icy condition resulting in the injuries was caused by water flowing through the storm water drainage system operated and maintained by the public entity.

If the General Assembly had intended to include a "dangerous condition" requirement in § 24–10–106(1)(f), we may reasonably assume that it would have done so, as it clearly did in the case of a public street, § 24–10–106(1)(d)(I), and as it did in § 24–10–106(1)(e), which incorporates the dangerous condition requirement as an alternative basis for waiving immunity in the case of a public

sanitation facility. No such requirement, however, is present in § 24–10–106(1)(f) for injuries resulting from the *operation and maintenance* of a public sanitation facility. In light of the clear presence of the "dangerous condition" element in § 24–10–106(1)(e) and its absence in § 24–10–106(1)(f), we will not read into the latter statute the very element which the General Assembly elected to exclude.

### III.

We conclude that the trial court did not err in holding that the Town's immunity had been waived under § 24–10–106(1)(f). We also conclude that the trial court did not err in failing to determine whether the ice constituted a "dangerous condition" under § 24–10–103(1) and whether either § 24–10–106(1)(d)(I) or § 24–10–106(1)(e) also might be applicable to this case.

The trial court's order is affirmed.

CRISWELL and KAPELKE, JJ., concur.