Laura J. FLORES, Plaintiff–Appellant,

v.

**COLORADO DEPARTMENT OF CORRECTIONS, Defendant–Appellee.**

No. 98CA0860.

Colorado Court of Appeals, Div. III.

Nov. 26, 1999.

Certiorari Denied June 19, 2000.

McCormick & Murphy, James J. Murphy, Colorado Springs, Colorado, for Plaintiff–Appellant.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Paul S. Sanzo, Assistant Attorney General, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge CASEBOLT.

In this negligence action, plaintiff, Laura J. Flores, appeals the dismissal of her complaint against defendant, the Colorado Department of Corrections (DOC). We reverse and remand.

The facts are undisputed. Plaintiff, a visitor at the Limon Correctional Facility, was injured when she allegedly slipped and fell on a wet floor inside the secure visitor's area of the DOC facility. She subsequently brought this action seeking compensation for her injuries.

Defendant moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction under the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S.1999. Relying on *Pack v. Arkansas Valley Correctional Facility,* 894 P.2d 34 (Colo.App.1995), defendant argued that its sovereign immunity had not been waived under § 24–10–106(1)(b), C.R.S.1999, for the operation of a correctional facility. In *Pack,* a division of this court held that the negligent failure to keep a visitor's parking lot at a correctional facility free from snow and ice did not fall within the provision waiving immunity for the operation of a correctional facility.

In response, plaintiff argued that the operation of a correctional facility included supervision of the secure visitor's area inside the facility itself.

The trial court determined that this case presented basically the same issues that had been addressed in *Pack v. Arkansas Valley Correctional Facility, supra.* Thus, because the court found that the failure to clean up any liquid in the visitor's area was analogous to the negligent failure to remove snow in a visitor's parking lot, it concluded that *Pack* was controlling. Therefore, it granted defendant's motion to dismiss and awarded attorney fees to defendant.

On appeal, plaintiff contends the trial court incorrectly determined that defendant's sovereign immunity was not waived under § 24–10–106(1)(b) of the GIA. We agree.

■ One of the basic purposes of the GIA is to permit injured claimants to seek redress for injuries caused by a public entity in certain specified circumstances. *See State v. Moldovan,* 842 P.2d 220 (Colo.1992).

■ For purposes of interpreting the GIA, the scope of immunity granted to the sovereign must be strictly construed and waiver provisions must be construed deferentially. *Walton v. State,* 968 P.2d 636 (Colo.1998); *but see City & County of Denver v. Gallegos,* 916 P.2d 509 (Colo.1996) (waiver provisions must be narrowly interpreted); *Plummer v. Little,* 987 P.2d 871 (Colo.App.1999) *cert. granted,* October 18, 1999, (same).

As pertinent here, § 24–10–106(1)(b) waives a public entity's sovereign immunity in an action for injuries resulting from the

"operation of any public ... correctional facility." The term "operation" is defined in § 24–10–103(3)(a), C.R.S.1999, in pertinent part, as the act or omission of a public entity or public employee in the exercise and performance of the powers, duties, and functions vested in them by law with respect to the purpose of the facility.

In analyzing whether the failure to maintain a parking area for visitors fell within the operation of a correctional facility, a division of this court in *Pack v. Arkansas Valley Correctional Facility, supra,* noted that the term "operation," as defined in the GIA, related to the purpose of the facility. After reviewing the applicable statutes, the division determined that:

> The primary purpose of a correctional facility is to confine safely and effectively, for the duration of their sentence, persons convicted of crimes.... Further, although the DOC statutorily is authorized to manage, supervise, and control each correctional facility supported by the state ... the powers, duties, and functions incidental to that purpose relate to the custodial nature of the prison and generally are confined to the custodial facility itself.

*Pack v. Arkansas Valley Correctional Facility, supra,* 894 P.2d at 37. The court went on to hold that, although visitation at correctional facilities was contemplated and regulated, "the maintenance of visitor parking areas in order to facilitate prison visitation is not directly related to the purpose, as distinct from the operation, of a correctional facility." *Pack v. Arkansas Valley Correctional Facility, supra,* 894 P.2d at 37. As such, it determined that establishing and maintaining a visitor's parking lot was merely ancillary to the purpose of a correctional facility.

Plaintiff asserts that *Pack* is distinguishable from the present case because the slip and fall here occurred inside a secured area of the correctional facility as opposed to a parking lot outside of the facility. We agree that *Pack* is not controlling because, under the circumstances of this case, the DOC was exercising powers, duties, and functions vested in it by law with respect to the purpose of the facility.

The DOC, in an "Open Letter to Offender Visitors," stated that it "consider[s] offender visits an exceedingly valuable correctional operations feature. Visits are encouraged to the maximum extent possible within limited staff and facility/center resources." *See* DC FORM 300–1E (⁰⁹⁄₉₄).

Further, in an administrative regulation, the DOC states that it is DOC policy to "develop an offender visiting program at each facility." Each program "is to assure safety and security for all staff, visitors and offenders [and] promote the furtherance of family and other supportive relationships important to offender stability while incarcerated." Reg. 300–01 (June 1, 1998). *See also* §§ 17–19–101 & 17–20–124, C.R.S.1999 (visitation at correctional facilities is contemplated and regulated).

A purpose of the facility is to confine persons convicted of crimes safely and effectively. *See Pack v. Arkansas Valley Correctional Facility, supra.* Visitation assists in safe and effective confinement by contributing to offender stability. A visitor program cannot be implemented without providing a secure place within the facility for the visitation to occur.

[3] Accordingly, because the purpose of a correctional facility is to manage convicts safely and effectively, and visitation within the facility directly assists in meeting that purpose, the maintenance of the visitor area within the custodial facility here is directly related to the purpose of the correctional facility. *Cf. Nieto v. State,* 952 P.2d 834 (Colo.App.1997) (the operation of correctional facility included providing medical care necessary for basic health) *cert. granted* Colo. No. 97SC876, March 23, 1998.

Hence, the provision of a secure area within the facility for visitation is part of the operation of a correctional facility as defined under the GIA.

For these reasons, we conclude that the trial court incorrectly granted defendant's motion to dismiss. It follows, therefore, that the award of attorney fees to defendant likewise cannot stand.

The judgment is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

Judge NEY and Judge PIERCE * concur.