Valerie **POWELL**, natural parent of decedent Steven Powell, individually and as next friend and natural parent of James Powell, a minor, Plaintiff–Appellee,

v.

The **CITY OF COLORADO SPRINGS,** Colorado, Defendant–Appellant.

No. 99CA1403.

Colorado Court of Appeals, Div. III.

Dec. 21, 2000.

Certiorari Granted July 2, 2001.

Melat, Pressman, Ezell & Higbie, LLP, Glenn S. Pressman, Colorado Springs, CO, for Plaintiff–Appellee.

Patricia K. Kelly, City Attorney, Shane M. White, Senior City Attorney, Colorado Springs, CO, for Defendant–Appellant.

Opinion by Judge KAPELKE.

In this wrongful death action, defendant, the City of Colorado Springs, appeals from the trial court's order denying on governmental immunity grounds its motion to dismiss the complaint brought by plaintiff, Valerie Powell, individually and as natural parent of Steven Powell, deceased, and as next friend and natural parent of James Powell, a minor. We affirm.

Steven Powell, who was then five years old, died when he fell into a drainage ditch that was owned and operated by the city. He was the minor child of plaintiff, Valerie Powell. Steven's brother, James Powell, allegedly also fell into the ditch and suffered injuries.

Plaintiff brought this action against the city and the owner of the property adjoining the drainage ditch, alleging that the ditch was part of a storm water drainage system owned and maintained by the city and that certain features of the area surrounding the ditch created a dangerous condition. As relevant to this appeal, plaintiffs asserted that the city negligently breached: 1) its duty to maintain the drainage ditch in a safe condition and to deter entry; and 2) its duty to provide for safe egress from the ditch.

The city moved to dismiss plaintiff's complaint or, alternatively, for summary judgment, arguing that plaintiff failed to establish that the city's immunity from suit had been waived under the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S.2000. Further, the city argued that a dangerous condition did not exist because the alleged deficiencies arose solely from the design of the drainage ditch. The city also asserted that the alleged injuries did not result from the city's negligent failure to operate and maintain the drainage ditch.

In response, plaintiff argued that the city's waiver of immunity for maintenance and operation of a water drainage system did not require the existence of a "dangerous condition." Plaintiff also claimed to have established that the city negligently operated and maintained its storm water drainage system. In this regard, plaintiff relied on deposition testimony that a strand of barbed wire in front of the ditch had been torn down and that the area immediately adjacent to the ditch, which was within the city's drainage easement, was overgrown with trees and weeds and was muddy and slippery.

The trial court denied the city's motion, finding that plaintiff's arguments were persuasive. Although the court expressly noted that it was not determining the merits of the complaint, it found that there were "sufficient allegations in the complaint to provide the Court with subject matter jurisdiction." The city then brought this interlocutory appeal pursuant to § 24–10–108, C.R.S.2000.

The GIA bars tort actions against a public entity except in certain limited circumstances. *See* §§ 24–10–105, 24–10–106, and 24–10–108, C.R.S.2000. A public entity's immunity from suit is waived in an action seeking compensation for injuries resulting from "a dangerous condition of any public ... sanitation ... facility," § 24–10–106(1)(e), C.R.S.2000, and also for injuries resulting from the public entity's "operation and maintenance of any public ... sanitation facility...." Sections 24–10–106(1)(e) and 24–10–106(1)(f), C.R.S.2000; *see generally Smith v. Town of Estes Park*, 944 P.2d 571 (Colo.App. 1996).

■ Whether immunity has been waived under the GIA is an issue of subject matter jurisdiction to be determined by the trial court pursuant to C.R.C.P. 12(b)(1). *Fogg v. Macaluso*, 892 P.2d 271 (Colo.1995). The plaintiff bears the burden of proving the court's jurisdiction to hear the action. *Capra v. Tucker*, 857 P.2d 1346 (Colo.App.1993).

■ Because governmental immunity is in derogation of Colorado's common law, the waiver provisions of the GIA are to be construed deferentially in favor of victims injured by the negligence of governmental agents. *Walton v. State*, 968 P.2d 636 (Colo. 1998).

■ The trial court, as finder of fact under C.R.C.P. 12(b)(1), may receive any competent evidence pertaining to the issue of subject matter jurisdiction, and its resolution of any factual disputes concerning its jurisdiction will not be reversed unless clearly erroneous. *Trinity Broadcasting of Denver, Inc. v. City of Westminster*, 848 P.2d 916 (Colo.1993).

■ Here, as noted, plaintiff presented evidence that the barbed wire fence in front of the drainage ditch was in disrepair, that the area next to the drainage ditch was overgrown with trees and shrubs, and that the area surrounding the drainage ditch was muddy and slippery. The city has acknowledged that the fence and overgrowth were within its easement. Such evidence is adequate to support either a determination that a dangerous condition existed for purposes of § 24–10–106(1)(e), or a determination that, under § 24–10–106(1)(f), the city's negligent

failure to maintain the area surrounding the drainage ditch may have contributed to Steven's death and James' injuries.

■ The city argues that because these conditions were not part of the original design of the drainage ditch, it may not be held liable for failing to maintain them. However, the failure to keep a facility free of obstacles—even if such obstacles were not part of the original design—may lead to liability on the part of a governmental entity. *See Walton v. State, supra* (combination of a slippery floor, use of a portable ladder, and inaccessibility of a storage space in which maintenance was performed constituted a dangerous condition of a public building); *Flores v. Colorado Department of Corrections*, 3 P.3d 464 (Colo.App.1999)(immunity held waived for injuries suffered by visitor who fell on wet floor located in visitor's area of prison); *Smith v. Town of Estes Park, supra* (immunity waived for injuries resulting from city's failure to keep cross-pan free of ice). Additionally, although a public entity may not be required to modify the design of a facility if it proves to be inadequate, to the extent such a modification is made, the entity may be liable for failing to maintain it. *See Scott v. City of Greeley*, 931 P.2d 525 (Colo.App.1996) (immunity waived where city deviated from design of storm sewer and connected wrongsized pipes); *see also Walton v. State, supra.*

■ We also reject the city's contention that, under *City & County of Denver v. Gallegos*, 916 P.2d 509 (Colo.1996), plaintiff had to demonstrate both negligent operation and negligent maintenance. In *Gallegos*, 916 P.2d at 512, the supreme court merely emphasized that "governmental immunity is waived only where the public entity both operates and maintains the public water facility." The court did not hold that the public entity must be shown to have been *negligent* in both its operation and maintenance. Nor is such a requirement imposed by § 24–10–106.

■ Because there is record support for the trial court's ruling, we will not overturn it upon review. *See Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra; Smith v. Town of Estes Park, supra.* We

note, however, that resolution of the immunity issue does not mandate a finding of liability. That issue ultimately must be determined at trial. *See Johnson v. Regional Transportation District,* 916 P.2d 619 (Colo. App.1995).

The order is affirmed.

NEY and DAILEY, JJ., concur.